**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

SARA ROBBINS,

Plaintiff,

v. Case No.

WISCONSIN DEPARTMENT OF VETERANS AFFAIRS,

Defendant.

---

## COMPLAINT

---

NOW COMES the Plaintiff, Sara Robbins, by and through her attorneys, McDonald Law Firm, LLC, and as for her Complaint against the Defendant, Wisconsin Department of Veterans Affairs, alleges and shows to the Court as follows:

## NATURE OF THE ACTION

This action arises under the Age Discrimination in Employment Act, as amended ("ADEA"), to correct unlawful employment practices including discrimination based upon age and retaliation for opposing age discrimination in the workplace. Plaintiff seeks a permanent injunction against Defendants, lost wages, employment benefits, and other compensation, compensatory damages, punitive damages, costs, attorney's fees, and other such relief the Court may deem appropriate.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the ADEA, 29 U.S.C. § 621 et seq.
2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). The employment practices alleged to be unlawful were committed within the jurisdiction of the United States

District Court for the Eastern District of Wisconsin, and the employment records relevant to those practices are maintained and administered within this District.

## PARTIES

3. Plaintiff Sara Robbins ("Robbins") is an adult resident of the State of Wisconsin with a residence located at E3422 Ebbe Lake Road, Waupaca, Wisconsin 54981.
4. Defendant Wisconsin Department of Veterans Affairs ("WDVA") is an agency of the State of Wisconsin with a facility located at N2665 County Road QQ, King, Wisconsin 54946.

## STATEMENT OF FACTS

5. Robbins was born on May 20, 1984.
6. Robbins has been employed by the WDVA during multiple periods, including from August 2002 through 2012, from 2015 through 2021, and from May 6, 2024 through July 29, 2024.
7. In 2024, Robbin's position was Nurse Clinician II.
8. On April 10, 2024, WDVA posted an opening for a Nursing Instructor position.
9. Robbins applied for the Nursing Instructor position on April 11, 2024.
10. Robbins was qualified for the Nursing Instructor position as she previously held the same position with the WDVA.
11. After Robbins applied, she learned that WDVA intended to give the Nursing Instructor position to a substantially younger employee, Aiden Gust, who was twenty-seven years old.
12. Robbins interviewed for the Nursing Instructor position on May 31, 2024.
13. Alicia Meighan, Caitlin Mork, and Shannon Hardel served on the interview panel.

14. Alicia Meighan and Caitlin Mork were coworkers and friends of Aiden Gust.
15. Before filling the Nursing Instructor position, WDVA revised the position description and job posting by replacing the requirement of two years experience working as a registered nurse, including one year in long-term care.
16. Had the position description and job posting not been revised in this way, Gust would have been prevented from obtaining the Nursing Instructor position.
17. Wisconsin Administrative Code DHS 129.06(1)(a) required the applicable primary instructor to possess at least two years of experience working as a registered nurse, including at least one year of actual work experience providing care in a qualifying nursing home.
18. Approximately twenty-five percent of the Nursing Instructor position was based on the experience credential.
19. On June 19, 2024, Robbins was notified that she had not been selected for the Nursing Instructor position.
20. By June 23, 2024, Robbins learned that WDVA offered the Nursing Instructor position to Gust and that Gust accepted the offer.
21. Robbins opposed WDVA's conduct in changing the Nursing Instructor position requirements for the benefit of a new, much younger and unqualified employee.
22. On June 23, 2024, Robbins complained and submitted a grievance to WDVA Human Resources concerning WDVA's conduct.
23. On June 28, 2024, Robbins received an email stating that WDVA had canceled the Nursing Instructor position because of an administrative error and intended to reannounce the vacancy.

24. After Robbins complained to Human Resources, WDVA restricted her ability to participate in staff training in her Nurse Clinician II position.

25. On July 1, 2024, Shannon Hardel, Robbin's administrator at the time, emailed Robbins and Tammy Hering asking them to review an attached presentation for the nursing supervisor group and whether one or both would be willing to assist with presenting it, subject to Tammy Servatius's approval.

26. Robbins and Hering both replied that they would be happy to help.

27. The proposed training concerned timely reporting to the State of matters such as abuse, neglect, and misappropriation.

28. After Robbins complained, Servatius directed that Robbins was not permitted to conduct training, and Hardel received that directive.

29. Robbins was not permitted to conduct the training.

30. Robbin's last day actually working for the WDVA was July 29, 2024.

31. Robbins resigned from WDVA due to their discrimination and retaliation.

32. Robbins filed a Discrimination Complaint with the State of Wisconsin Department of Workforce Development, Equal Rights Division (DWD-ERD), on October 8, 2024, alleging discrimination based upon age and retaliation for opposing discrimination in the workplace (ERD Case No. CR202402712).

33. Robbin's discrimination complaint was also assigned U.S. Equal Employment Opportunity Commission (EEOC) Charge No. 26G-2025-00123.

34. On June 8, 2026, Robbins, through counsel, submitted a request to withdraw her DWD-ERD complaint to pursue her remedies in federal court. Robbins also requested that the EEOC issue a Notice of Right to Sue.

35. On August 25, 2026, the EEOC issues a Notice of Right to Sue related to EEOC Charge No. 26G-2025-00123 and terminated its processing of the charge.

## STATEMENT OF LEGAL CLAIMS

### COUNT I – AGE DISCRIMINATION UNDER THE ADEA

36. Robbins incorporates paragraphs 1 through 35 as fully set forth herein.
37. Robbins was at least forty years old at all relevant times and is within the class protected by the ADEA.
38. WDVA is an employer within the meaning of the ADEA.
39. Robbins was qualified for the Nursing Instructor position based on, among other things, her prior experience in the same position.
40. WDVA altered the Nursing Instructor position requirements to benefit a substantially younger employee, offered that employee the Nursing Instructor position, and then canceled the position thereby denying Robbins the position because of her age.
41. WDVA's conduct deprived Robins of an employment opportunity and otherwise adversely affected the terms, conditions, and privileges of her employment because of her age.
42. WDVA's conduct was intentional.

### COUNT II – RETALIATION UNDER THE ADEA

43. Robbins incorporates paragraphs 1 through 35 as fully set forth herein.
44. Robbins engaged in a protected activity by opposing age discrimination and complaining to WDVA Human Resources concerning WDVA's conduct in the Nursing Instructor selection process.
45. WDVA knew that Robbins engaged in a protected activity.

46. After Robbins engaged in protected activity, WDVA canceled the Nursing Instructor position and subjected Robbins to retaliatory treatment during her employment.

47. WDVA's conduct would dissuade a reasonable employee from opposing unlawful age discrimination or making a complaint concerning discrimination.

48. WDVA retaliated against Robbins because she opposed age discrimination and complaint about WDVA's discriminatory conduct.

49. WDVA's conduct was intentional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sara Robbins requests that the Court enter judgment in her favor and against Defendant Wisconsin Department of Veterans Affairs and grant the following relief:

A. Declare that Defendant's conduct violated the ADEA;

B. Enjoin Defendant and its officers, agents, employees, and persons acting in concert with them from engaging in employment practices that discriminate based upon age or retaliate against employees for opposing age discrimination;

C. Order Defendant to institute and carry out policies, practices, and programs that comply with the ADEA;

D. Award Plaintiff appropriate back pay, lost benefits, and out of pocket expenses;

E. Award Plaintiff liquidated damages;

F. Award Plaintiff her costs and attorney's fees to the extent authorized by law; and

G. Grant such other and further relief as the court deems necessary and proper.

## JURY TRIAL DEMANDED

Plaintiff Sara Robbins requests a jury trial on all questions of fact raised by this complaint.

Signed and dated this 19th day of November, 2026.

**MCDONALD LAW FIRM, LLC**
Attorneys for Plaintiff

By: s/Shannon D. McDonald
Shannon D. McDonald
WI State Bar No. 1036954
N96W18221 County Line Rd. #200
Menomonee Falls, WI 53051
Office: (262) 252-9122
Fax: (414) 395-8773
Email: sdm@themklaw.com